IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REALEZA DEL SPEAR L.P.

    Plaintiff,

v.

SILVERBACK OPERATING II, LLC     Cause No. 2:24-cv-00191

    Defendant,

**COMPLAINT FOR DECLARATORY RELIEF,
QUIET TITLE, ACCOUNTING, CONVERSION AND OTHER RELIEF**

**COMES NOW**, Plaintiff by and through its attorneys, Newell Law Firm, and for its Original Complaint against Defendant and states as follows:

**PARTIES**

1. Realeza del Spear L.P. ("Plaintiff") is a Texas limited partnership whose principal place of business is in Midland, Texas. Its partners are domiciled in Midland, Midland County, Texas.

2. Silverback Operating II, LLC, ("Defendant") is a Delaware limited liability company doing business in New Mexico. Its principal place of business is in San Antonio, Texas. Defendant may be served through its registered agent, Capital Document Services, Inc., 55 Old Santa Fe Trail, 2nd floor, Santa Fe, NM 87501.

3. The issues herein involve the leasing of minerals located in Eddy County, New Mexico.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that Plaintiff is a citizen of a state other than that of which all of the other Defendants

are citizens as of the time of filing of this Complaint, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this district is proper under 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred or a substantial part of the property that is the subject is situated in this district.

## FACTS

6. This is an action to enforce the termination, expiration, and/or forfeiture of two oil and gas leases and to recover damages for Defendant's failure to account to Plaintiff for revenues generated by the production of oil and gas from lands in which Plaintiff owns a mineral interest.

7. Plaintiff owns approximately 20 net mineral acres in the first lease (Inex Lease), which is in NE/4 of Section 26, T 18S, R 26E. Plaintiff also owns approximately 40 net mineral acres in the second lease (Sowers Lease), which is in W/2W/2 Section 34, T 17S, R 25E. Collectively, hereinafter both leases and their values are referred to as the Plaintiff's Interests.

8. Plaintiff's predecessor in interest in the Inex Lease was Howell Spear, who was married at the time to Mary Nan Spear. Howell Spear and Mary Nan Spear entered into an Oil and Gas Lease dated June 5, 1973, with Chalfant, Maggie & Hansen, Inc. regarding the Plaintiff's Interests. See Exhibit A. The primary term of the Inex Lease was five years and as long thereafter as oil or gas or casinghead gas is produced. The Inex Lease covers all horizons from the surface of the earth to all formations below.

9. Plaintiff's predecessor in interest in the Sowers Lease was Howell Spear, who was married at the time to Ellie Spear. Howell Spear and Ellie Spear entered into an Oil

2

and Gas Lease dated June 7, 1971, with Yates Petroleum Corporation regarding the Plaintiff's Interests. See Exhibit B. The primary term of the Sowers Lease was five years and as long thereafter as oil or gas or casinghead gas is produced. The Sowers Lease covers all horizons from the surface of the earth to all formations below.

10. Defendant became successor operators of both the Inex Lease and the Sowers Lease on or about November 10, 2021. Since that time Defendant has been responsible for paying revenues to Plaintiff.

11. After the Inex Lease was executed, Defendant's predecessors drilled one or more wells. Under the express terms of the Inex Lease, if production ceases, the Inex Lease terminates if operations for drilling a Well are not resumed within 60 days after cessation. The Inex Lease has been terminated, expired, and/or forfeited by its' terms for non-production. No such operations occurred so as to prevent automatic termination of the Inex Lease. Accordingly, the Plaintiff's Interests are unleased.

12. After the Sowers Lease was executed, Defendant's predecessors drilled one or more wells. Under the express terms of the Sowers Lease, if production ceases, the Sowers Lease terminates if operations for drilling a Well are not resumed within 60 days after cessation. The Sowers Lease has been terminated, expired and/or forfeited by its' terms for non-production. No such operations occurred so as to prevent automatic termination of the Sowers Lease. Accordingly, the Plaintiff's Interests are unleashed.

13. Plaintiff has made repeated attempts to communicate with Defendant about releasing the Inex Lease and the Sowers Lease, as well as negotiating new leases. See Exhibit C, Exhibit D, and Exhibit E. However, Defendant has refused to communicate with

Plaintiff. Plaintiff has also requested audit information about Plaintiff's Interests. See Exhibit F. However, Defendant has refused to communicate with Plaintiff.

14. Defendant's failure to renegotiate new leases with Plaintiff on the minerals covering the Inex Lease and the Sowers Lease has caused Plaintiff economic loss. In addition to the loss of a lease bonus associated with two new oil and gas leases, revenues from at least two wells with a higher royalty rate, Plaintiff has been denied production revenues to which they are entitled by the new leases with respect to the operational Wells.

15. Using reasonable diligence under the circumstances of this case, Plaintiff could not have discovered facts as to the failure to pay revenues wrongfully withheld from them since Defendant has taken over operations of both the Inex Lease and the Sowers Lease and attempting to reactivate both leases through production since November 2021.

## COUNT ONE
## DECLARATORY RELIEF

16. Plaintiff incorporates by reference paragraphs one through fifteen the same as if each were fully set forth herein.

17. Plaintiff asserts a cause of action to have the court declare that the Plaintiff's Interests are unleased, as both the Inex Lease and the Sowers Lease were terminated, expired, and/or forfeited for non-production.

18. Under NMSA 1978, §70-1-3, it is the duty of the lessee, within 30 days from the date of the termination, expiration, and/or forfeiture of an oil, gas, or mineral lease, to release such lease of record in the county where the leased land is situated, without cost to the owner thereof. Under NMSA 1978, §70-1-4, the failure of the lessee to so

release the lease following forfeiture entitles the owner of the leased premises to sue to obtain such release, upon which it may recover damages in the amount of $100 plus any additional damages that the evidence warrants, together with costs and reasonable attorney's fees for preparing and prosecuting the suit. Plaintiff has made repeated demands upon Defendant to release the Inex Lease and Sowers Lease, which Defendant has neglected or refused to execute. Accordingly, Plaintiff sues to have the Court declare both leases as expired, terminated, and forfeited. Plaintiff also seeks to recover all damages which they may show in this case, plus costs and reasonable attorney's fees.

19. This cause of action is additionally brought under the authority of the New Mexico Declaratory Judgment Act, NMSA 1978, §44-6-1, *et seq.,* for which Plaintiff seeks recovery of their costs as authorized by §44-6-11 of said Act.

## COUNT TWO
## QUIET TITLE

20. Plaintiff incorporates by reference paragraphs one through nineteen the same as if each were fully set forth herein.

21. Plaintiff is credibly informed and believes that Defendant makes some claim adverse to the estate of Plaintiff in and to the Plaintiff's Interests, and prays for the establishment of Plaintiff's estate against such adverse claims, and that Defendant be barred and forever estopped from having or claiming any lien upon or any right or title to the Plaintiff's Interests adverse to Plaintiff and that Plaintiff' title thereto be forever quieted and set at rest. Plaintiff is entitled to a decree quieting title to the Plaintiff's Interests in Plaintiff in preference to and against all persons or manner of persons whatsoever. In accordance with NMSA 1978, §42-6-1, *et seq.,* Plaintiff requests that

title to the Plaintiff's Interests be established in Plaintiff against the adverse claims of Defendant and that the title of Plaintiff in the Plaintiff's Interests be forever quieted and set at rest.

## COUNT THREE
## ACCOUNTING

22. Plaintiff incorporates by reference paragraphs one through twenty-one the same as if each were fully set forth herein.

23. Plaintiff asserts a cause of action for an accounting against Defendant. Despite Plaintiff's request, Defendant has refused to provide Plaintiff access to accounting material to audit Plaintiff's Interests. Plaintiff is entitled to a full and complete accounting as to all revenues generated and costs and expenses incurred with regard to the exploration, drilling, and production of oil, gas, and minerals regarding the aforementioned Well, and regarding the aforementioned Wells as to Defendant, from the time such operations were commenced by Defendant thereon through the present. Plaintiff seeks payment of all such revenues to which they are entitled as part of such accounting.

## COUNT FOUR
## CONVERSION

24. Plaintiff incorporates by reference paragraphs one through twenty-three the same as if each were fully set forth herein.

25. Plaintiff asserts a cause of action for conversion against Defendant. Plaintiff has ownership rights in oil, gas, and minerals produced from those lands attributed to the Plaintiff's Interests. Through Defendant's actions in producing oil and gas from the aforementioned Plaintiff's Interests, purporting to take in kind oil and gas produced from both leases after the termination, expiration and/or forfeiture of both lease terms

and failing to account to Plaintiff for their share of the oil and gas produced therefrom, the Defendant purposely has wrongfully exercised domain and control over such severed oil and gas and/or their proceeds to the exclusion of or in defiance of Plaintiff' rights in same.

26. Plaintiff has been damaged as a result of Defendant's conversion in an amount equal to the market value of the oil and the gas converted by Defendant at the time as well as the value of two new leases. Because the oil and gas converted by Defendant was a commodity of fluctuating value, the market value of said oil and gas should be the highest value between the date of conversion and the time of trial. In the event that Defendant is found to have converted Plaintiff's oil and gas willfully or in bad faith, then Plaintiff is entitled to recover the full value of the oil and gas as enhanced by the marked value without deduction for any costs in bringing about the increase in the value of the oil and gas.

27. Defendant's actions were done intentionally, willfully, maliciously, and in reckless and wanton disregard of Plaintiff's rights, justifying an award of punitive damages.

## COUNT FIVE
## BREACH OF FIDUCIARY DUTY

28. Plaintiff incorporates by reference paragraphs one through twenty-seven the same as if each were fully set forth herein.

29. Plaintiff asserts a cause of action for breach of fiduciary duty against Defendant. Defendant owed a fiduciary duty to Plaintiff, which Defendant breached through the aforesaid conduct. Plaintiff seeks to impose a constructive trust as a result of Defendant's breach of its fiduciary duty and to recover all damages to which they are titled as a result of same.

30. Defendant's actions were done intentionally, willfully, maliciously, and in reckless and wanton disregard of Plaintiff's rights, justifying an award of punitive damages.

## COUNT SIX
## UNJUST ENRICHMENT

31. Plaintiff incorporates by reference paragraphs one through thirty the same as if each were fully set forth herein.

32. Plaintiff asserts a cause of action for unjust enrichment against Defendant. Defendant has failed to timely pay revenues owed to Plaintiff and thereby unjustly enriched themselves in the amount of revenues received by them that are owed but were not paid to Plaintiff.

33. Defendant's actions were done intentionally, willfully, maliciously, and in reckless and wanton disregard of Plaintiff's rights, justifying an award of punitive damages.

## COUNT SEVEN
## OIL AND GAS PROCEEDS PAYMENT ACT

34. Plaintiff incorporates by reference paragraphs one through thirty-three the same as if each were fully set forth herein.

35. Plaintiff asserts a cause of action under the New Mexico Oil and Gas Proceeds Payment Act, NMSA 1978, §70-10-1, *et seq.*, against Defendant. Proceeds from the production of the oil and gas produced from the aforementioned Plaintiff's Interests constitute proceeds derived from the sale of production from a well-producing oil, gas, or hydrocarbons in New Mexico; and therefore, payment of such proceeds are governed by said Act. Defendant has not paid Plaintiff the proceeds due to them arising from the production of oil and gas within the time required by §70-10-3 of the Act. Plaintiff is entitled to payment of said proceeds at the rate of 18% per annum in accordance with §70-10-5 of the Act.

36. Plaintiff additionally seeks recovery of its court costs and reasonable attorney's fees as authorized by §70-10-6 of the Act.

## COUNT EIGHT
## NEGELIGENCE

37. Plaintiff incorporates by reference paragraphs one through thirty-six the same as if each were fully set forth herein.

38. Plaintiff asserts a cause of action for negligence against Defendant. Defendant owes a duty of reasonable care to mineral interest owners such as Plaintiff to determine the status of their rights in the course of its operations. Defendant failed to exercise reasonable care by failing to acknowledge the terms of the lease and credit Plaintiff's ownership of Plaintiff's Interests, failing to determine that the Inex Lease and the Sowers Lease had terminated, expired, and forfeited, and failing to account to Plaintiff for revenues to which it is entitled, which proximately caused actual damages to Plaintiff, for which it seeks recovery.

39. Defendant's actions were done intentionally, willfully and maliciously and in reckless and wanton disregard of Plaintiff's rights, justifying an award of punitive damages.

40. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that Defendant be cited to answer and appear herein, that Plaintiff recover judgment against Defendant for declaratory relief as requested herein, actual damages, punitive damages, attorney's fees, costs, pre-judgment and post-judgment interest at the maximum rate allowed by law and that Plaintiff have all other and further relief to which they are entitled.

Respectfully Submitted,

**Newell Law Firm**
10 W Adams Ave., Ste. E
Lovington, NM 88260
(575) 739-6395
mnewell@newelllawnm.com

By: _/s/ Michael Newell_
    **Michael Newell**
    *Attorneys for Plaintiff*