IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REALEZA DEL SPEAR L.P.,

    Plaintiff,

v.   No. 2:24-cv-191 GJF/KRS

SILVERBACK OPERATING II, LLC,

    Defendant.

### ORDER TO AMEND COMPLAINT AND TO FILE DISCLOSURE STATEMENTS

THIS MATTER is before the Court sua sponte, following its review of the record and Plaintiff's Complaint, (Doc. 1). Plaintiff filed this matter in federal court citing diversity jurisdiction. *Id.* at 1-2. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." A federal court's jurisdiction must clearly appear from the face of a complaint[]." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

Plaintiff states that it is a Texas limited partnership whose principal place of business is in Midland, Texas, and its partners are domiciled in Midland, Midland County, Texas. (Doc. 1) at 1. Plaintiff states that Silverback Operating II, LLC, ("Defendant") is a Delaware limited liability company doing business in New Mexico, and its principal place of business is in San Antonio, Texas. *Id.*

Determining the citizenship of an LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c).

An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company).  The Complaint fails to allege the citizenship of every LLC member of Defendant.  Therefore, Plaintiff's Second Amended Complaint fails to allege the necessary facts to determine if this case is "between citizens of different States."  28 U.S.C. § 1332(a).

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires: "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must … file a disclosure statement.  The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor … when the action is filed in or removed to federal court … ."  Fed. R. Civ. P. 7.1(a)(2)(A).  Neither Plaintiff nor Defendant have filed a disclosure statement.

IT IS THEREFORE ORDERED that **no later than April 15, 2024** Plaintiff shall amend its Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.  Failure to do so may result in this case being dismissed without prejudice.

IT IS FURTHER ORDERED that **no later than April 15, 2024** each party shall file a disclosure statement pursuant to Rule 7.1(a)(2).

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE